ANGELA M. SPIVEY (*pro hac vice application forthcoming*)
angela.spivey@alston.com
ANDREW G. PHILLIPS (*pro hac vice application forthcoming*)
andrew.phillips@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone:  (404) 881-7000
Facsimile:   (404) 881-7777

SAMANTHA K. BURDICK (SBN 329952)
sam.burdick@alston.com
**ALSTON & BIRD LLP**
350 S. Grand Ave., Suite 5100
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100

Attorneys for Defendant
**CONAGRA BRANDS, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| TERRANCE WILSON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONAGRA BRANDS, INC.<br><br>Defendant. | Case No.<br><br>(Removed from Riverside Superior Court Case No. CVRI2502964)<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332(A), 1446, 1453**<br><br>*[Filed concurrently with Declaration of Samantha K. Burdick; Notice of Interested Parties; and Civil Cover Sheet]*<br><br>Action Filed: May 19, 2025<br>Removal Filed: June 25, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTICT OF CALIFORNIA, EASTERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendant Conagra Brands, Inc. ("Defendant") hereby petitions the Court to remove this action, entitled *Terrance Wilson v. Conagra Brands, Inc.* (Case No. CVRI2502964), from the Superior Court of the State of California, County of Riverside (the "State Court Action") to this Court under 28 U.S.C. §§ 1332, 1446, and 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"). The grounds for removal are set out below:

## I. BACKGROUND

On May 19, 2025, Plaintiff Terrance Wilson ("Plaintiff") filed the State Court Action alleging claims for violation of California's False Advertising Law ("FAL"), California Business & Professions Code sections 17500 *et seq.*, and Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code sections 17200 *et seq*. On behalf of a putative class of purchasers in California, Plaintiff alleges that Defendant violated the FAL and UCL by "advertising and labeling its [Snack Pack Pudding] products as containing 'no preservatives' when the products contain sodium phosphate." (Compl. ¶ 1.) True and correct copies of the Complaint and the Summons are attached hereto as **Exhibit A** and **Exhibit B**, respectively. Plaintiff seeks an injunction to require corrective advertising, restitution, punitive damages, statutory damages, and attorneys' fees. Plaintiff served Defendant with the Summons and Complaint on June 26, 2025.

Defendant denies the allegations of wrongdoing in the Complaint and that Plaintiff is entitled to any of the relief requested. At this time, however, the relevant inquiry is whether this Court has jurisdiction over this matter, which it plainly does pursuant to CAFA.

## II. JURISDICTION UNDER CAFA

Defendant removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332, subsection (d). Though filed in state court, Plaintiff's Complaint alleges

facts sufficient to support that this Court has subject matter jurisdiction of this action under CAFA. Signed into law on February 18, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions. CAFA vests federal courts with original jurisdiction for class actions where the parties are minimally diverse and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

CAFA's requirements are satisfied here.

### a. Class Action.

The State Court Action is a class action as defined by CAFA. According to CAFA:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action. . . .

28 U.S.C. § 1332(d)(1)(B).

Plaintiff brings claims on behalf of himself and a proposed nationwide class of "[a]ll persons within the United States who purchased the Products within four years prior to the filing of the original Complaint through to the date of class certification." (Compl. ¶ 32.) Plaintiff also alleges claims on behalf of a California sub-class of "[a]ll persons within California who purchased the Products within four years prior to the filing of the original Complaint through to the date of class certification." (*Id.* ¶ 33.) The State Court Action therefore meets the definition of a "class action" under CAFA.

### b. Removal Under CAFA.

CAFA provides that a class action brought against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100 (28 U.S.C. § 1332(d)(5)(B)); (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant (*id.* at (d)(2)); and (3) the aggregate amount in

controversy exceeds $5 million, excluding interests and costs. *Id.*; *see also* § 28 U.S.C. § 1453(b). Each of these requirements is met here.

### i. The Number of Proposed Class Members is at Least 100.

Plaintiff alleges that the putative class and subclass "include[s] thousands, if not millions of members." (Compl. ¶ 35.) Accordingly, accepting Plaintiff's allegations as true for purposes of this Notice of Removal, the number of proposed class members exceeds the 100 required to establish CAFA jurisdiction.

### ii. Diversity of Citizenship Under CAFA.

"[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "Minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

The parties are minimally diverse. An individual is a citizen of the state where he or she resides. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that he resides in Riverside County, California. (Compl. ¶ 5.)

For diversity purposes, a corporation is a citizen of any state where it is incorporated and where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). Defendant Conagra Brands, Inc. is a Delaware corporation and maintains its principal place of business in Illinois. (Compl. ¶ 6; *see also* Declaration of Samantha K. Burdick, ¶ 2.) As such, Conagra is a citizen of Delaware and Illinois.

Because at least one member of the proposed class (i.e., Plaintiff) "is a citizen of a State different from . . . [D]efendant," CAFA's diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A). Moreover, the exceptions listed in 28 U.S.C. § 1332(d)(4)(A)–(B) do not apply because no defendant is a citizen of California.

### c. Amount in Controversy.

CAFA's third requirement—that the aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million—is also satisfied. 28 U.S.C. § 1332(d)(2).

Although Defendant has not injured Plaintiff or any putative class member, the alleged amount in controversy here exceeds $5 million. The Complaint seeks injunctive relief, statutory damages and attorneys' fees, which, in the aggregate, well exceed CAFA's $5 million threshold. (Compl., Prayer for Relief.)

Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* As the Supreme Court has explained, a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89; *see also Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, No. 16-CV-02941-LHK, 2016 U.S. Dist. LEXIS 123455, at *13 (N.D. Cal. Sep. 12, 2016) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's Complaint, not what a defendant will actually owe.") (citations omitted); *Yeroushalmi v. Blockbuster Inc.*, No. 05-225, 2005 U.S. Dist. LEXIS 39331, at *10 (C.D. Cal. July 11, 2005) (observing that the amount in controversy provisions under CAFA should be "interpreted expansively" in favor of removal) (quoting S. Rep. No. 109–14, at 42 (2005)).

Here, Plaintiff's allegations demonstrate that the amount in controversy is satisfied. For purposes of removal only, and without conceding that Plaintiff or the putative class or subclass are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Barrett v. Saint-Gobain Glass Corp.*, No. 8:24-cv-01844-FWS-DFM, 2024 U.S. Dist. LEXIS 210186, at *9 (C.D. Cal. Nov. 18, 2024) (removing defendant need only show "potential damages could exceed the jurisdictional amount"); *Herrera v. Williams Scotsman, Inc.*, No. CV 25-01678-MWF (SPx), 2025 U.S. Dist. LEXIS 85189, at *11 (C.D. Cal. May 5, 2025) ("The ultimate inquiry is what

amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (cleaned up).

Plaintiff alleges that he and putative class members "would not have purchased" the Snack Pack Pudding cups had they known they contain sodium phosphate salts (Compl. ¶ 21), and he seeks "full restitution of all funds acquired from Plaintiff and Class and Sub-Class Members from the sale of misbranded [Snack Pack Pudding] during the relevant class period." (*Id.* at Prayer for Relief.) During the alleged class period, total sales of the challenged Snack Pack Pudding cups sold in California alone for the four years alleged to be at issue in the complaint have exceeded $5,000,000. *See* Compl. ¶ 9 (identifying vanilla, chocolate vanilla, banana cream pie, butterscotch and tapioca flavors of Snack Pack Pudding cups sold nationwide as the products challenged in the Complaint (the "Products")). Here, Plaintiff seeks "full restitution of all funds" related to the Products sold nationwide. Sales nationwide greatly exceed $5,000,000. Without conceding that the alleged measure of damages would be the proper measure of relief for any of the claims, the aggregated restitution for the putative nationwide class, and the California sub-class, would exceed $5,000,000 in liability based on the claims made in the Complaint.

Further, the above analysis does not include attorney's fees, which Plaintiff seeks (Compl. at Prayer for Relief), and which must be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (where "the law entitles [a putative class plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy"). It also does not include the cost of compliance with the demanded label change injunctive relief. (Compl. at Prayer for Relief); *see also Iverson v. SND Nat'l Ministry Corp.*, No. 2:24-CV-05157-WLH-AGR, 2024 WL 4275960, at *4 (C.D. Cal. Sept. 23, 2024) ("The amount in controversy 'encompasses *all relief* a court may grant . . . if the plaintiff is victorious.'") (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018)). The inclusion of

Plaintiff's request for attorney's fees and injunctive relief only serves to increase the amount in controversy further above the $5 million threshold.

In short, Plaintiff requests relief that, if granted, plainly exceeds the $5 million jurisdictional minimum under CAFA.

## III. DEFENDANT TIMELY FILED ITS NOTICE OF REMOVAL AND SATISFIED ALL PROCEDURAL REQUIREMENTS

### a. This Notice of Removal is Timely Filed.

This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty days after service of the Complaint on Defendant. Here, the Complaint and summons were personally served on June 26, 2025. Therefore, this Notice of Removal, filed within 30 days of service, is timely filed under 28 U.S.C. §1446(b).

### b. Defendant Has Satisfied All Procedural Requirements.

Venue is proper. Plaintiff filed this action in the Superior Court of the State of California, County of Riverside. Accordingly, this action is properly removed to this Court, which embraces Riverside County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

Finally, Defendant provided proper notice. Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the State Court Action. True and correct copies of these documents, which are attached to this removal, are listed below:

- Complaint and Civil Cover Sheet (**Exhibit A**)
- Summons to Defendant (**Exhibit B**)
- Other State Action Orders (**Exhibit C**)

Pursuant to 28 U.S.C. §1446, subsection (d), Defendant is filing a copy of the Notice of Removal with the Clerk of Riverside County Superior Court and serving Plaintiff with the same. A copy of the Notice to the Superior Court (which will be served upon Plaintiff), without exhibits, is attached hereto as **Exhibit D**.

## IV. RESERVATION OF DEFENSES

Defendant reserves the right to amend or supplement this Notice of Removal. Defendant also reserves and does not waive any and all defenses and counterclaims, including that it is not a proper party to this action. Defendant does not admit any of the allegations of the Complaint and expressly reserves the right to contest those allegations at the appropriate time.

## V. CONCLUSION

Plaintiff's allegations demonstrate that CAFA's requirements have been met, including that (1) the proposed class contains at least 100 members, (2) Plaintiff and each of the proposed California class members are citizens of a state different than Defendant's state of citizenship and no other CAFA exceptions apply, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, this action is properly removed to this Court.

DATED: July 25, 2025

ANGELA M. SPIVEY (*pro hac vice application forthcoming*)
ANDREW G. PHILLIPS (*pro hac vice application forthcoming*)
SAMANTHA K. BURDICK
**ALSTON & BIRD LLP**

*/s/ Samantha K. Burdick*
Samantha K. Buridck

Attorneys for Defendant
**CONAGRA BRANDS, INC.**